12-1393
Guo v. Holder

BIA
A095 450 488

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

HONGMIN GUO,
  *Petitioner,*

  v.                                           12-1393
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:        Zhong Yue Zhang, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; William C.
                       Peachey, Assistant Director; Andrew
                       B. Insenga, Trial Attorney; Elliott
                       Daniels, Law Clerk, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hongmin Guo, a native and citizen of The People's Republic of China, seeks review of the March 26, 2012, decision of the BIA denying his motion to reopen. *In re Hongmin Guo*, No. A095 450 488 (B.I.A. Mar. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Guo's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Guo's 2011 motion was untimely, as the final administrative order was issued in 2007. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), as the BIA concluded, Guo failed to establish changed circumstances for pro-democracy activists arising in China.

Guo argues that he demonstrated an increased risk of persecution based on his publication of anti-communist articles online and participation in the Chinese Democracy Party ("CDP") in the United States. As support, he submitted a letter from his mother stating that Chinese authorities harassed her and threatened his arrest if he returned to China due to his CDP activities abroad. The BIA's determination that the evidence failed to demonstrate changed conditions arising in China is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). As the BIA reasonably found, Guo's recent pro-democracy activities constituted changed personal circumstances, not changed conditions arising in China as required to excuse the time limitation imposed on motions to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270,

3

273-74 (2d Cir. 2006).  While a U.S. State Department report states that the "CDP remained banned" and that the Chinese government "continued to monitor, detain, and imprison" its members in 2010, without any indication as to when those practices began, other State Department reports Guo submitted indicate that CDP members had been arrested and detained since 1989, with a "wave of detentions" occurring in 2003, prior to Guo's 2005 merits hearing.  Similarly, the background evidence shows that activists returning to China from abroad were detained before and after 2005.

Furthermore, the BIA did not err in affording minimal weight to the letter from Guo's mother because it was not notarized and was authored by an interested party not subject to cross-examination.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).  As to Guo's online publications, the BIA reasonably found them insufficient to demonstrate that the Chinese government would become aware of his CDP activities because although the 2010 State Department Human Rights Report on China states that the Chinese government blocked subversive foreign websites, it did not indicate that the government tracked individual foreign journalists.  *See Hongsheng Leng*

4

*v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Substantial evidence therefore supports the BIA's finding that Guo did not establish changed conditions for Christians in China. *See Jian Hui Shao,* 546 F.3d at 169.

Because the evidence Guo submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that he failed to meet an exception to the filing deadline, and consequently in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5